CITY OF CINCINNATI *v.* NUSSBAUM.

(Nos. 953 and 954—Decided January 8, 1968.)

Hamilton County Municipal Court.

*Mr. Simon L. Leis, Jr.,* for city of Cincinnati.
*Mr. Arnold Morelli,* for defendant.

KRAFT, J.   On or about December 7, 1967, the defendant was arrested on the premises known as 550 Main Street, being a Federal Building, Cincinnati, Ohio, and charged with the state of Ohio statute dealing with the crime of trespassing.   At the same time and arising out of the arrest for trespassing, the defendant was also arrested and charged under an ordinance of the city of Cincinnati with the offense of resisting arrest.

To these charges the defendant has filed a "motion to quash and dismiss the warrants and proceedings in relations to this cause because this court does not have jurisdiction."

Recognizing the far reaching effect of this motion, this

court has invited the filing of briefs amicus by all interested parties and wishes to express appreciation to those attorneys who have responded. Their memorandums have been carefully read and considered in reaching this difficult decision.

The court wishes to make it perfectly clear, at this point, that it is not dealing with the ultimate issue of guilt or innocence of the defendant but rather with the important issue of jurisdictional rights and responsibilities of two sovereignties.

The vexing problem of State v. Federal jurisdiction is more important than ever today because of the increasing influence of centralized government in the lives of all Americans.

In this particular case, this court has been charged with the responsibility of interpreting:

(a) Section 159.04, Revised Code, which purports to cede to the federal government jurisdiction in and over any land acquired by the United States;

(b) Article I, Section 8, Clause 17 of the United States Constitution, which defines a *power* in favor of the United States Government to exercise exclusive jurisdiction over lands it acquires; and

(c) Title 40, Section 255, U. S. Code, providing for the acceptance of exclusive or partial jurisdiction by affirmative act on the part of the United States Government.

Counsel for the defendant argues that by virtue of Section 159.04, Revised Code, the state of Ohio has ceded exclusive jurisdiction to the federal government. He argues that this means the state of Ohio has given away, irrevocably, unconditionally and ipso facto divests the state of Ohio of all control. He argues further that no unilateral act of the United States Congress can negate this absolute abandonment. On the other hand, the prosecution argues that one sovereign power cannot give anything away, irrevocably, to another sovereign power without some affirmative act of acquiescence.

This court is drawn by compelling consideration to the following conclusions:

1. That the word "ceded" as used in Section 159.04, Revised Code, is a mere "grant"; it is not to be regarded

as an absolute and perpetual abandonment of jurisdiction, but is to be regarded as a mere suspension. That is to say, the state jurisdiction is not extinguished by the grant but merely suspended; there is a reversion remaining in the state. Actually, the thing really granted is jurisdiction during the pleasure of the United States Congress. When Congress abandons jurisdiction, the thing granted, which at first was indeterminate has been terminated and expires by its own limitation. This interpretation was recognized in *Renner* v. *Bennett* (1871), 21 Ohio St. 431. This court would further point out that in Section 159.04, Revised Code, the state of Ohio has reserved the right of service upon the property owned by the federal government of all civil and criminal processes of the courts of this state and the discontinuance of jurisdiction when said property is no longer held by the United States. The very fact that these reservations are specifically set forth in the statute, are in themselves exceptions to what the defendant would have the court call an irrevocable act.

2. Since February 1, 1940, the "grant" of the state's exclusive jurisdiction to the federal government can only become operative when the United States indicates acceptance of jurisdiction. In *Renner* v. *Bennett* (1871), 21 Ohio St. 431, at page 448, the court said:

"the transfer of jurisdiction to Congress requires the joint action of Congress and the State, and is a matter which belongs exclusively to them * * * at page 449, the Constitution gave the necessary power, but left the full discretion as to its exercise to Congress."

The form and manner for acceptance by Congress of the "grant" is set forth in Title 40, Section 255, U. S. Code. That acceptance by the United States can be accomplished by:

(a) filing a notice of acceptance with the Governor of the state of Oho, or

(b) In some other manner as may be prescribed by the laws of the state of Ohio.

This court understands that both parties herein have agreed that the property at 550 Main Street, Cincinnati, Ohio, was federal property on the date of the alleged offenses herein, and was obtained by the United States some-

time after February 1, 1940. This court further understands that no evidence was available at the time of the hearing on the motion to indicate that any notice of acceptance had been filed with the Governor of the state of Ohio and therefore is of the opinion that no such notice has been filed. This court is further of the opinion that the Legislature of the state of Ohio has not provided any other manner for acceptance.

3. This court is of the opinion that Article I, Section 8, Clause 17 of the United States Constitution provides a power but does not have the agency to effect the transfer. The Constitution found the jurisdiction in the state and left it there. It merely gave to Congress the power to acquire and use the thing granted. No matter what may be the form of the grant, whether by consent to the purchase or as in this case direct cession, it is, nevertheless, in fact and in law, a grant by the state.

In 54 American Jurisprudence, United States, Section 84, at page 598 we find the following:

"the Constitution does not command that every vestige of the laws of the former sovereignty must vanish but permits the State to reserve a measure of jurisdiction if it so desires. This assures that no area, however small, will be left without a developed legal system for private rights."

In conclusion, the court has carefully considered the wording of Section 159.04, Revised Code, and believes that the word "ceded" in the context of this section means "grant"; that said "grant" requires an acceptance by the United States; that in this case no acceptance was made by the United States and therefore jurisdiction remains with the state of Ohio. The court, therefore, feels that jurisdiction to prosecute alleged criminal violations on the premises located at 550 Main Street, Cincinnati, Ohio, which admittedly is a federal building and was such on the date of the alleged offenses herein, remains with the state of Ohio and therefore with the city of Cincinnati under the authority delegated to it by the Constitution of the state of Ohio.

The court, therefore, overrules the defendant's motion to quash and dismiss and orders a trial date be set.

*Motion overruled.*