THE STATE OF OHIO, APPELLEE, *v.*
BURGER, APPELLANT.

(No. 1590—Decided August 11, 1986.)

*John Plough,* prosecuting attorney, and *Barbara R. Watson,* for appellee.

*Ronald J. Kane,* for appellant.

FORD, J. Defendant-appellant, Laurie Burger, appeals the decision of the Portage County Court of Common Pleas convicting her of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(3).

On April 10, 1985, during the early morning hours, Trooper John Lenkey of the Ohio State Highway Patrol was on routine patrol on State Route 5, where it abuts the Ravenna Arsenal. As the officer proceeded west, he clocked appellant's automobile, by means of a K55 radar device, travelling at seventy-four miles per hour in a fifty-five-miles-per-hour zone, on State Route 5 near the main gate of the arsenal. The officer pursued appellant's car and signaled her to stop. Trooper Lenkey then approached the vehicle, informed appellant why she had been stopped, and asked to see her driver's license and registration. The officer testified that appellant, whose speech was slurred, exhibited some confusion in producing her license. The officer further stated that he detected a strong odor of alcohol on appellant's breath. Appellant was asked to get out of her car and perform some coordination tests. The officer testified that upon exiting her vehicle, appellant grabbed the officer's arm and stated that she knew she had had too much to drink, and that appellant's balance was very poor. Trooper Lenkey then placed appellant under arrest for operating a

motor vehicle while under the influence of alcohol and took her to the patrol post for a breath test. It was determined that appellant had a concentration of .18 of one gram of alcohol by weight per two hundred ten liters of breath.

Appellant entered a plea of not guilty and, on June 19, 1985, a bench trial commenced on the matter. Appellant moved to dismiss the charge, contending that the officer did not have probable cause to arrest her for violating R.C. 4511.19 and that he did not have jurisdiction to arrest her where the alleged offense took place. The trial court overruled both motions and after hearing the evidence, entered a finding of guilty.

Appellant advances the following assignments of error:

"1. The trial court erred, to the prejudice of the appellant, in failing to grant defendant's motion to dismiss on the basis that the officer had no probable cause to stop and arrest appellant for the offense of driving under the influence of alcohol based solely upon appellant's exceeding of the posted speed limit.

"2. The trial court erred to the prejudice of the appellant in failing to grant defendant's motion to dismiss for the reason that the officer lacked jurisdiction to arrest appellant for the offense alleged, [when] the stop and arrest all occurred wholly within the boundaries of land owned by the Federal Government of the United States of America."

Appellant's first assignment of error contends that speed alone, coupled with no observation by the arresting officer of other operation by appellant that could lead him to believe appellant was operating an automobile while under the influence of alcohol, is insufficient to establish probable cause for an arrest under R.C. 4511.19. The assignment is without merit.

Appellant's argument is premised upon the following language from the syllabus of State v. Taylor (1981), 3 Ohio App. 3d 197, 3 OBR 224, 444 N.E. 2d 481:

"The act of only nominally exceeding the speed limit coupled with the arresting officers' perception of the odor of alcohol (not characterized as pervasive or strong), and *nothing* more, does not furnish probable cause to arrest an individual for driving under the influence of alcohol." (Emphasis *sic*.)

However, while the holding of *Taylor, supra,* was limited to the facts presented in that action, *i.e.,* nominal speed and the odor of alcohol, the record in the instant cause demonstrates that Trooper Lenkey had additional indications that appellant was under the influence of alcohol.

At trial, the officer stated that appellant's eyes were bloodshot and her speech was slurred. A strong odor of alcohol was detected on her breath. When asked for her license, appellant had trouble producing it.

Trooper Lenkey testified that:

"* * * When she took out her driver's license, she had several cards and she had a hard time deciding which one was her driver's license. She kept mixing them up. And, when she tried to talk to me, her speech was very poor; slurred speech—"

The officer further stated that appellant's balance was very poor and that she could not successfully perform the coordination tests:

"Her balance and coordination [were] very poor. Before she — On the heel to toe test, she asked me if she could take off her high heels to do the test. At that time she couldn't even stand on her own. She had to hold my arm and she tried to get her heels off. She lost her balance. Her balance was very poor. She would be side-stepping. She did very bad on the finger-to-nose

test. She missed her nose both times. Her balance was very poor; she was swaying back and forth."

Finally, appellant admitted to Trooper Lenkey that she had had too much to drink. As stated by the officer at trial:

"Q. You stated that she had been drinking?

"A. Yeah. The reason I bring it up * * * is because when I asked her to perform the coordination tests, she grabbed my arm and held on and she said, 'I know I had too much to drink and drive.' She said, 'I know that.' She said, 'Please let me go.' And, that's when she attempted to do the coordination tests.

"Q. Did she state how much she had to drink?

"A. Yes, she did.

"Q. How much did she say?

"A. The question was how much she had to drink and she told me, her exact words were 'too much.' That's all she would state."

Based on the foregoing testimony, the officer clearly had probable cause to arrest appellant for driving under the influence of alcohol. As such, it cannot be concluded that the trial court erred in overruling appellant's motion to dismiss.

Appellant's second assignment of error asserts that a law enforcement officer of the state of Ohio has no jurisdiction to stop and arrest an individual for an offense committed wholly within the boundaries of land owned by the United States government. The assignment is lacking in merit.

The procedure under which the United States accepts jurisdiction over property within the boundaries of a state is contained in Section 255, Title 40, U.S. Code, which provides that the United States can accept jurisdiction over the property it holds within a state only by filing a notice of acceptance with the governor of that state.

In the present action, appellant failed to produce any evidence demonstrating that the United States had accepted jurisdiction over the portion of State Route 5 at issue here. Absent such evidence, there is a conclusive presumption that the United States has not accepted jurisdiction. Section 255, Title 40, U.S. Code. See *Cincinnati* v. *Nussbaum* (1968), 14 Ohio Misc. 19, 42 O.O. 2d 359, 233 N.E. 2d 152. Consequently, it is conclusively presumed that Trooper Lenkey had jurisdiction to arrest appellant for driving under the influence of alcohol at the location in question.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DAHLING, P.J., and COOK, J., concur.