THE STATE OF OHIO, APPELLEE, *v.* FEASEL, APPELLANT.

(No. 13-86-22—Decided March 29, 1988.)

*Elaine J. Knutson,* assistant city solicitor, for appellee.

*Richard A. Kahler,* for appellant.

EVANS, J. This is an appeal by defendant, David A. Feasel, from a judgment by the Municipal Court of Tiffin, Ohio, overruling defendant's motion to suppress certain evidence.

The pertinent facts are as follows:

At approximately 2:45 a.m. on March 2, 1986, Officer William Eckelberry and Dispatcher Joseph Rohrbach were traveling west on County Road 591 in a police cruiser when, according to their testimony, they observed an eastbound vehicle, driven by defendant, momentarily cross over into the westbound lane as defendant attempted to negotiate a curve. Officer Eckelberry turned his vehicle around, and after following the defendant's vehicle for a short distance, saw the automobile go off the right side of the roadway. At this point, Officer Eckelberry stopped the defendant's vehicle and, after detecting an odor of alcohol on defendant's breath, administered some field sobriety tests which defendant failed. Officer Eckelberry also noted that defendant had bloodshot eyes and seemed shaky. After defendant failed the field sobriety tests, Officer Eckelberry placed him under arrest for driving while under the influence of alcohol and transported him to the Tiffin Police Department where he was read his *Miranda* warnings. Subsequently, without assistance of counsel, defendant answered questions on the interview sheets and took the breathalyzer test which resulted in a reading of .105.

On March 14, 1986, defendant filed a motion to suppress the following evidence claiming that it was illegally seized:

"1. Any and all statements made by defendant,

"2. Results of physical dexterity tests,

"3. Any communications or forms of communication made by defendant between the time the arresting officers took defendant into custody in the field, told him he had to go to the sheriff's office, and until he was advised of his constitutional rights,

"4. Any testimony of officers as to defendant's behavior, physical conduct, movements, appearance, breath odor, and all events involving defendant."

The municipal court held a hearing on defendant's motion on May 1, 1986, found that the police officers had probable cause to stop and arrest defendant, and overruled defendant's motion to suppress. It is from this judgment that defendant appeals.

Defendant has asserted only one assignment of error which is as follows:

"The trial court erred in overruling defendant's motion to suppress evidence."

Defendant has argued that the trial court should have sustained his motion to suppress because Officer Eckelberry did not have probable cause to arrest defendant. We do not agree. Officer Eckelberry and Dispatcher Rohrbach testified that they observed defendant improperly change lanes and go off the side of the roadway, that defendant smelled of alcohol, had bloodshot eyes and suffered from impaired coordination. The courts have found that evidence such as this is sufficient to establish probable cause upon which to arrest a person for driving while under the influence of alcohol. See *State* v. *Burger* (1986), 33 Ohio App. 3d 231, 515 N.E. 2d 640; *State* v. *Van Fossen* (1984), 19 Ohio App. 3d 281, 19 OBR 452, 484 N.E. 2d 191; and *State* v. *Taylor* (1981), 3 Ohio App. 3d 197, 3 OBR 224, 444 N.E. 2d 481.

Defendant also contends that any evidence regarding his communications with police officers while he was in custody in the field and during the time of arrest until he received his *Miranda* warnings should be suppressed.

There is no question that defendant was entitled to have his *Miranda* warnings read to him even though he was arrested for a misdemeanor. According to the Supreme Court in *Berkemer* v. *McCarty* (1984), 468 U.S. 420, a person arrested for driving while intoxicated is entitled to his *Miranda* warnings:

"We hold therefore that a person subjected to custodial interrogation is entitled to the benefit of the procedural safeguards enunciated in *Miranda,* regardless of the nature or severity of the offense of which he is suspected or for which he was arrested. * * *" *Id.* at 434.

It is undisputed that defendant was read his *Miranda* warnings upon arriving at the Tiffin Police Department, and before he took the breathalyzer test and answered the questions on the interview sheet. Thus, the municipal court correctly ruled that this evidence should not be suppressed.

However, we must also consider that time period when defendant was first stopped by Officer Eckelberry and before he was read his *Miranda* warnings. The Supreme Court in *Berkemer, supra,* was asked to decide if the roadside questioning of a motorist detained pursuant to a routine traffic stop was a custodial interrogation that required the officer to read the person detained *Miranda* warnings. The court held that it was not, explaining as follows:

"First, detention of a motorist pursuant to a traffic stop is presumptively temporary and brief. * * *

"Second, circumstances associated with the typical traffic stop are not such that the motorist feels completely at the mercy of the police. * * * In short, the atmosphere surrounding an ordinary traffic stop is substantially less 'police dominated' than that surrounding the kinds of interrogation at issue in *Miranda* itself * * *." *Berkemer, supra,* at 437-439.

Defendant was observed driving erratically and was stopped by Officer Eckelberry for violating a traffic law. According to *Berkemer, supra,* Officer Eckelberry was under no obligation to read defendant his *Miranda* warnings until he determined that defendant should be arrested. Therefore, any evidence obtained during that time period when defendant was simply being detained to see if he could pass the field sobriety tests cannot be suppressed simply because defendant did not receive his *Miranda* warnings.

There was no testimony offered at the suppression hearing which indicated that defendant communicated with any police officer from the time he was arrested until he was read his *Miranda* warnings. The only communication that was implied was that defendant may have been asked, and consented, to taking the breathalyzer test before being read his rights. The court in *South Dakota* v. *Neville* (1983), 459 U.S. 553, 564, fn. 15, held that:

"In the context of an arrest for driving while intoxicated, a police inquiry of whether the suspect will take a blood-alcohol test is not an interrogation within the meaning of *Miranda.* As we stated in *Rhode Island* v. *Innis,* 446 U.S. 291, 301 (1980), police words or actions 'normally attendant to arrest and custody' do not constitute interrogation.* * *" (Citations omitted.)

We find no error in a police officer asking defendant if he would submit to a breathalyzer test prior to receiving his *Miranda* warnings if, in fact, that occurred. These would have been police words normally attendant to arrest and custody and not interrogation.

We find the municipal court properly overruled defendant's motion to suppress. Defendant's assignment of error is not well-taken.

*Judgment affirmed.*

COLE and SHAW, JJ., concur.