The STATE of Ohio, Appellant,

v.

WILLIAMS, Appellee. (Four cases.)

[Cite as *State v. Williams* (1992), 83 Ohio App.3d 536.]

Court of Appeals of Ohio,
Defiance County.

Nos. 4–92–1, 4–92–2, 4–92–3 and 4–92–4.

Decided Nov. 6, 1992.

*John T. Rohrs III*, Law Director, and *David A. Land*, Assistant Law Director, for appellant.

*David H. Williams*, for appellee.

THOMAS F. BRYANT, Judge.

This is an appeal by plaintiff-appellant, state of Ohio, from a judgment of the Defiance Municipal Court suppressing evidence on the motion of defendant-appellee, Charles R. Williams.

On September 28, 1991, an Ohio State Highway Patrol ("OSHP") officer stopped an automobile driven by Williams for exceeding the legal speed limit. Observing that Williams appeared to be under the influence of alcohol, the officer had him perform sobriety field tests. Williams performed the tests poorly and the officer placed him under arrest for violating R.C. 4511.19(A)(1), operating a motor vehicle under the influence of alcohol. Subsequently, an intoxilyzer test produced a breath-alcohol content ("BAC") of .168 grams of alcohol per two hundred ten liters of Williams' breath. Williams was charged with violating R.C. 4511.19(A)(1) and (3), operating a motor vehicle under the influence of alcohol, R.C. 4511.21(C), speeding, R.C. 4507.02(C), driving under suspension, and R.C. 4513.263(B)(1), driving without a seatbelt.

On November 5, 1991, Williams, claiming a warrantless arrest without sufficient probable cause in contravention of the Ohio and United States Constitutions, moved the court for an order suppressing (1) "all testimony" of his "physical and coordination tests," (2) "all evidence" of his chemical tests, (3) "all evidence" of his statements, and (4) "all [his] statements."

On December 16, 1991, the trial court held a hearing on Williams' motion. At the hearing, Williams withdrew that portion of his motion challenging the administration of the chemical test and stipulated admissibility of the test result should the trial court find the arresting officer had "probable cause" to stop, detain and arrest him for driving under the influence of alcohol. The arresting officer was the only witness to testify at the hearing.

On December 20, 1991, the trial court entered judgment, finding that the arresting officer had probable cause to initially stop Williams, but lacked "probable cause to detain and arrest [Williams] for operation of a motor vehicle while under the influence of alcohol." The court granted the motion to suppress evidence as sought.

We note that each offense charged was assigned a separate trial court case number. Upon entry of the trial court's judgment suppressing evidence, appellant appealed each case separately and, thereafter, we granted leave to consolidate the cases. However, because the trial court's judgment expressly pertains only to the suppression of evidence concerning Williams' alcohol-related offenses, and because appellant fails to assign and argue any assignments of error or to transmit any record pertaining to the other appeals taken, we dismiss App. Nos. 4–92–2, 4–92–3, and 4–92–4 and address only appellant's single assignment of error in App. No. 4–92–1. Appellant's single assignment of error is:

"The trial court erred in finding that the appellee's motion to suppress evidence was well taken as it relates to the issue of probable cause to arrest the appellee."

We first note that the parties do not dispute, and the trial court specifically found, that the OSHP officer had probable cause to stop Williams for speeding. Therefore, the single issue presented for our review is whether the undisputed testimony of the arresting officer established probable cause to detain, examine and arrest Williams for violating R.C. 4511.19(A)(1), driving under the influence of alcohol, and R.C. 4511.19(A)(3), driving with a prohibited BAC level. For the reasons that follow, we believe that the state's evidence established probable cause to detain and then arrest Williams.

In *State v. Van Fossen* (1984), 19 Ohio App.3d 281, 19 OBR 452, 484 N.E.2d 191, paragraph one of the syllabus, the court stated:

"Probable cause to arrest a motorist for violation of R.C. 4511.19(A)(3) exists where the arresting officer observed the defendant speeding, perceived the odor of alcohol on defendant, and noted that the defendant's eyes appeared bloodshot, his speech slurred, and his coordination was impaired." See, also, *State v. Burger* (1986), 33 Ohio App.3d 231, 515 N.E.2d 640.

Additionally, in *State v. Bresson* (1990), 51 Ohio St.3d 123, 554 N.E.2d 1330, syllabus, the court stated:

"A properly qualified officer may testify at trial regarding a driver's performance on the horizontal gaze nystagmus test as it pertains to the issues of probable cause to arrest and whether the driver was operating a vehicle while under the influence of alcohol. See R.C. 4511.19(A)(1). However, such testimony may not be admitted to show what the exact alcohol concentration level of the

driver was for purposes of demonstrating a violation of R.C. 4511.19(A)(2), (3), or (4)."

Here, the officer testified that Williams had "glassy, bloodshot eyes," that Williams had a "strong odor of alcohol" on his breath, that Williams admitted "he had been drinking," that six out of a possible six clues were present when Williams performed a horizontal gaze nystagmus test indicating the influence of alcohol and that Williams performed other physical coordination tests poorly. Based on these observations, the officer concluded that Williams was under the influence of alcohol and placed him under arrest for violating R.C. 4511.19(A)(1). Thereafter, Williams' BAC test disclosed a prohibited level of breath alcohol, warranting citation for violation of R.C. 4511.19(A)(3).

Further, the record reveals that the officer was properly qualified to administer to Williams all the physical coordination tests conducted, and that his testimony was not used to establish Williams' exact BAC level for purposes of demonstrating a violation of R.C. 4511.19(A)(3). There is no countervailing evidence shown by the record.

In the circumstances described by the testimony adduced at hearing, we believe that the officer had probable cause to detain and arrest Williams for the alcohol offenses charged.

When an officer, upon lawfully stopping an automobile driver, observes that the driver has glassy, bloodshot eyes, the odor of an alcoholic beverage on his breath, and is able to perform physical coordination tests only poorly, probable cause exists both for the detention for inquiry and the subsequent arrest of that driver for driving under the influence of alcohol, R.C. 4511.19(A)(1), and to thereafter administer a lawful BAC test to the driver to determine whether a violation of R.C. 4511.19(A)(3) has also occurred. Therefore, Williams' motion to suppress evidence was improperly granted.

Appellant's single assignment of error is well taken.

For want of prosecution, the appeals in App. No. 4–92–2, App. No. 4–92–3, and App. No. 4–92–4 are dismissed.

Having found error prejudicial to appellant, the judgment of the Defiance Municipal Court in App. No. 4–92–1 is reversed and the cause is remanded for further proceedings not inconsistent with this judgment.

*Judgment accordingly.*

HADLEY, P.J., and SHAW, J., concur.