[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken by defendant-appellant Christopher K. Chesser from the judgment of the Marion Municipal Court finding him guilty of driving under the influence of alcohol.
On October 10, 1997, Chesser was stopped for a failure to drive within the marked lanes. The trooper smelled the odor of alcoholic beverages about Chesser, so he questioned Chesser about it. Chesser admitted that he had drank a couple beers. The trooper then had Chesser perform various field tests for alcohol impairment. Chesser failed these tests. Finally, the trooper had Chesser take a portable breath test, which Chesser failed. Chesser was then arrested for driving under the influence of alcohol, violating R.C. 4511.19, and for failure to drive within marked lanes, violating R.C. 4511.33.
Chesser entered a plea of not guilty to the charges. On December 10, 1997, Chesser filed a motion to suppress the evidence. On February 12, 1998, the trial court held a hearing on the motion to suppress. Testimony was given solely by the trooper. The trial court then denied the motion to suppress on March 4, 1998. On April 15, 1998, Chesser changed his plea to no contest and the trial court found him guilty of driving under the influence. The lane violation was dismissed.
Chesser makes the following assignment of error:
 The trial court committed error to the prejudice of Chesser by failing to order suppression of the State's evidence.
The admission of evidence is left to the discretion of the trial court and will be reviewed on an abuse of discretion basis.State v. Awkal (1996), 76 Ohio St.3d 324, 667 N.E.2d 960. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty.Sheriff's Dept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498,506, 589 N.E.2d 24.
In support of his assignment of error, Chesser makes four arguments. The first is that the use of an unauthorized breath tester. Chesser claims that it was the results of this test that convinced the trooper to arrest him. However, the trooper testified as follows:
 Q: Okay. Uh, if when the Defendant you had him breathe into this machine, if — if the light had indicated pass, uh, would you have placed him under arrest for D.U.I.?
 A: Based on what I had seen out there, yes, I would have still run the other tests.
 Q: Okay. So why — why, if that's the case, you already had grounds to arrest him, why did you have him perform this test?
 A: I give — I try to give everybody the same benefit of a doubt in the end. I — I place — I just —
Q: Uh-hum.
 A: — continually do the same coordination tests on all my stops.
The trooper specifically stated that he would have arrested Chesser on the results of the other tests even without the results from the portable breath tests. Although the results of the portable tester may be inadmissible, those results alone were not the sole basis for the arrest. Thus, the trial court could reasonably find that the trooper had probable cause to arrest Chesser.
Chesser's second argument is that the officer lacked probable cause to arrest him. However, the trial court found that the officer had more than sufficient evidence to arrest Chesser. The trooper stopped Chesser for a marked lane violation and for following another car too closely. Once stopped, the trooper detected the odor of alcohol upon Chesser's breath. Chesser admitted having a couple of beers. Then the officer performed three different field tests, all of which Chesser failed. Although one of these factors alone may not be sufficient probable cause to arrest for driving under the influence, when viewed together, they provide probable cause for the arrest.
In his third argument, Chesser claims that the State did not prove the trooper performed the Horizontal Gaze Nystagmus test properly. This argument is not well taken because the trooper testified that he had been trained in how to properly administer the test. The trooper also testified as to the procedure used with the test. No evidence was submitted that the trooper's procedure was improper. Instead, Chesser merely claims that since the trooper cannot remember if Chesser was wearing glasses that evening, then he cannot recall if he properly performed the test, so the test should be presumed improper. Without some evidence to support this position, it is not persuasive.
Finally, Chesser argues that the trial court erred in not suppressing his statement about the beers because he was not read his Miranda rights prior to the question. Miranda warnings are required prior to all custodial interrogations. Miranda v. Arizona
(1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. This court has held that questions asked during a traffic stop need not be preceded by Miranda warnings. State v. Feasel (1988), 41 Ohio App.3d 155,534 N.E.2d 940.
 The Supreme Court in [Berkemer v. McCarty (1984), 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317] was asked to decide if the roadside questioning of a motorist detained pursuant to a routine traffic stop was a custodial interrogation that required the officer to read the person detained Miranda warnings. The court held that it was not, explaining as follows:
 "First, detention of a motorist pursuant to a traffic stop is presumptively temporary and brief. * * *
 "Second, circumstances associated with the typical traffic stop are not such that the motorist feels completely at the mercy of the police. * * * In short, the atmosphere surrounding an ordinary traffic stop is substantially less `police dominated' than that surrounding the kinds of interrogation at issue in Miranda itself * * *." Berkemer, supra, at 437-439.
 Defendant was observed driving erratically and was stopped by Officer Eckelberry for violating a traffic law. According to Berkemer, supra, Officer Eckelberry was under no obligation to read defendant his Miranda warnings until he determined that defendant should be arrested. Therefore, any evidence obtained during that time period when defendant was simply being detained to see if he could pass the field sobriety tests cannot be suppressed simply because defendant did not receive his Miranda warnings.
 Id. at 157, 534 N.E.2d at 942.
In this case, Chesser was stopped for a traffic violation. The trooper questioned him about what he had drunk when he smelled alcoholic beverages on Chesser's breath. At that time, the tropper had not arrested Chesser. Thus, Chesser was not in custody and the trooper was not required to read Chesser theMiranda warnings. Feasel, supra.
For the reasons stated above, Chesser's assignment of error is overruled. The judgment of the Marion Municipal Court is affirmed.
Judgment affirmed.
SHAW, P.J., and HADLEY, J., concur.