{¶ 26} This is a difficult case, because an injustice has clearly been done. Nevertheless, our limited task is to determine whether the trial court erred in deciding the issue put before it. I agree that no error is portrayed, with the following additional considerations.
 {¶ 27} First, Betty R. Hendrickson's motion of July 22, 2004, merely asked the court to construe the terms of the 1992 divorce decree which she alleged are ambiguous. The court then found no ambiguity, and, as Judge Brogan explains, the court was correct in so finding. That curtailed any further inquiry into Betty's more fundamental contention, which was that the division of Edward D. Jackson's retirement account ordered in the decree was unjust.
 {¶ 28} In Layne v. Layne (1992), 83 Ohio App.3d 539, we held that when the domestic relations court divides a contributory retirement account prior to retirement the court should not attempt to arrive at a hypothetical current value to divide. Instead, the court should divide the parties' rights to the benefit paid at retirement in proportion to the years of marriage. That approach applies the coverture factor endorsed in Hoyt v. Hoyt (1990), 53 Ohio St.3d 177. Further, it allows the value of the non-employee former spouse's share to grow in a way consistent with the parties' expectations when they made their joint investment, which was that its value would increase with the employee's years of service until he or she draws the retirement benefit.
 {¶ 29} The particular division the court ordered in the present case is contrary to our holding in Layne. Instead of dividing rights, the court divided a "benefit." And, by identifying it as the benefit that had by then "accrued," the court ordered a present value division. The result denies Betty R. Hendrickson the full value to which she is entitled.
 {¶ 30} A similar form of division was ordered in Pohl v. Pohl,
Montgomery App. No. 20001, 2004-Ohio-3790, wherein we likewise found no ambiguity. On a textual analysis, the same conclusion is required. However, the legal foundation of the division of the domestic relations court had ordered was different in Pohl.
 {¶ 31} Pohl involved a dissolution of marriage. Petitions for dissolution must attach a written separation agreement providing for a division of all property. R.C. 3105.63(A). The court may grant the petition only if it approves the separation agreement, which is then incorporated into the decree of dissolution. R.C. 3105.65(B). Because the separation agreement is a contract, subsequent disputes concerning the decree's requirements are necessarily resolved with reference to the law of contracts. That requires a finding that the decree of dissolution, absent any ambiguity, reflects what the parties wanted when their marriage was terminated.
 {¶ 32} In the present case, the parties' marriage was terminated by a decree of divorce, not a decree of dissolution. There was no written separation agreement, but only an oral agreement recited into the record. Such settlement agreements are generally enforceable in civil litigation. However, married persons cannot alter their legal relations except by separation agreement, and then only for purposes of their immediate separation. R.C. 3103.06. Therefore, and unlike in Pohl, the binding effect of the decree in the present case is not grounded in the law of contracts. Rather, it is grounded in the value of the finality of judgments and decrees.
 {¶ 33} That observation prompts discussion of the second consideration underlying our decision. The motion that Betty R. Hendrickson filed was not improper, because courts have an inherent power to construe their own judgments. Even though she obviously had hoped for a more favorable result, that's all she asked the court to do, and that's all the court then did. Now, any relief from the provisions of the decree as the court construed it is available to Betty R. Hendrickson only through Civ. R. 60(B)(5); remembering, however, that the rule cannot be used to vacate a final judgment if one of the more specific provisions of Civ. R. 60(B)(1)-(3) applies. Strack v. Pelton, 70 Ohio St.3d 172, 1994-Ohio-107. Nevertheless, Civ. R. 60(B)(5) is intended to function as a "catch-all provision" that "reflects the inherent power of a court to relieve a person from the unjust operation of a judgment." Staff Notes, Civ. R. 60(B)(5). The Supreme Court has endorsed that view. State ex rel.Gyurcsik v. Angelotta (1977), 50 Ohio St.2d 345.
 {¶ 34} As it is written and necessarily applied, the domestic relations court's 1992 decree orders an unjust division of Edward's retirement account. Betty R. Hendrickson is shortchanged by an award of one-half the value of the "benefit" that had accrued when the parties were divorced, which is approximately the amount of $276.50 per month that Edward D. Jackson pays her. She is instead entitled to approximately $1,168, which is one-half the fractional amount of his pension payment represented by the number of years he participated in the plan while the parties were married, divided by his years of service credit at retirement. There is no discernable reason she would have turned down the greater amount to get the lesser. A Civ. R. 60(B)(5) motion asking the court to vacate that portion of the divorce decree is therefore in order.