THE STATE OF OHIO, APPELLEE, *v.* VAN FOSSEN, APPELLANT.

(No. 83AP-995—Decided July 26, 1984.)

*Gregory S. Lashutka,* city attorney, *Ronald J. O'Brien* and *David Tingley,* for appellee.

*Paul E. Webster,* for appellant.

REILLY, J. Defendant, Daryl Van Fossen, appeals from his conviction of operating a motor vehicle with a concentration of alcohol of .1 gram or more per two hundred ten liters of breath, R.C. 4511.19(A)(3), and speeding, entered by the Franklin County Municipal Court. He raises three assignments of error, as follows:

"1. The trial court erred in overruling the defendant's motion to dismiss the charges in that no circumstantial indication was present to provide probable cause to arrest the defendant for OMVI.

"2. The trial court erred in overrul-

ing the defendant's motion to suppress statements that the officer failed to provide the defendant with *Miranda* warnings prior to custodial interrogation.

"3. The trial court erred in finding the defendant guilty of driving under the influence of alcohol in violatioh of § 4511.19 A(1) [*sic*] ORC in that the testimony of the arresting officer does not support such a conviction."

On July 10, 1983, Trooper Lawler of the Ohio State Highway Patrol observed defendant speeding on Interstate 270. The trooper pursued defendant for a short distance, clocking him at seventy miles per hour, and then pulled defendant off the highway and onto an exit ramp. The trooper approached defendant, who remained seated on his motorcycle, together with a passenger, and informed him of the reason why he was pulled over.

In response to a question, defendant stated that he was coming from the "Blacklick Jam." As the two men spoke, Trooper Lawler noted that defendant's eyes were "bloodshot and glassy" and that his speech was slurred. The trooper thought that defendant's slurred speech might have been due to some tobacco snuff in defendant's mouth, and he asked defendant to spit it out. Although defendant complied, his speech remained slurred.

Trooper Lawler asked defendant if he had been drinking, to which defendant responded he had had three beers. The trooper then asked defendant to perform several coordination tests. Defendant was observed to sway while standing with his eyes closed and his head tilted back. When asked to touch the end of his nose, defendant first touched the bridge of his nose, and then moved to the tip. He held his hands out horizontally in order to maintain his balance when asked to walk a line heel-to-toe.

At this time the trooper asked defendant to accompany him to the cruiser. The trooper observed that defendant was off-balanced and lacked judgment as to the distance of the ground as he walked. In the cruiser the odor of alcohol became stronger. The trooper asked how much defendant had to drink, to which defendant responded three or four beers. The trooper then informed defendant that he was under arrest for operating a motor vehicle under the influence (OMVI).

Defendant submitted to a breath test at the police station and gave a urine sample. The breath test revealed an alcohol concentration of .135 grams per two hundred ten liters of breath. Defendant also submitted to an interview which was part of the alcohol influence report.

The case was tried to the court. Prior to trial, defendant moved for the suppression of statements made without the benefit of *Miranda* warnings and for the dismissal of the charge of OMVI for want of probable cause to arrest defendant. Most of the facts were undisputed and were stipulated by the parties, and only Trooper Lawler was called to testify. Following this testimony, the court overruled defendant's motions and found him guilty as charged.

Defendant's first assignment of error asserts that the trial court erred in failing to dismiss the charge of OMVI, because Trooper Lawler lacked probable cause to arrest defendant and to subsequently require him to submit to a test of his blood alcohol level. He argues that, under authority of the decision of the Court of Appeals for Hamilton County, in *State* v. *Taylor* (1981), 3 Ohio App. 3d 197, mere speeding and the odor of alcohol do not provide probable cause to believe that a driver is under the influence of alcohol. Defendant then contends that Trooper Lawler had no other indication than that defendant had been speeding and smelled slightly of alcohol, and that the trooper was therefore without probable cause to arrest defendant.

The holding of the *Taylor* case was well summarized in the syllabus of the opinion. It reads:

"The act of only nominally exceeding the speed limit coupled with the arresting officers' perception of the odor of alcohol (not characterized as pervasive or strong), and *nothing* more, does not furnish probable cause to arrest an individual for driving under the influence of alcohol." (Emphasis *sic.*)

It is evident from the facts of this case, as noted above, that there were sufficient indicia in addition to speeding and the odor of alcohol to provide probable cause to Trooper Lawler. Thus, *Taylor* is clearly distinguishable, and is not persuasive in the present case.

In this case, the trooper observed that defendant's eyes appeared bloodshot and glassy, and that his speech was slurred. While defendant is correct in the observation that these conditions could be due to any number of reasons, other than the ingestion of alcohol, these signs can, at the very least, provide a trained law enforcement officer with a reasonable suspicion that the subject is intoxicated, and may lead to further inquiry. Here the trooper sought a cause for defendant's slurred speech, and asked that defendant remove the snuff from his mouth. However, as the trooper noted, defendant's speech remained slurred.

Following up on his reasonable suspicion, the trooper inquired if defendant had been drinking. Defendant's reply that he had consumed several beers supported the trooper's suspicion, as well as further inquiry. Upon observing defendant's performance on a number of coordination tests, which the trooper described as "off-balance" and "swaying," the trooper concluded that defendant was guilty of OMVI. The trial court, as trier of fact, did not err in concluding that the trooper had a reasonable belief that defendant had committed an OMVI offense. Hence, the arrest was lawful.

Defendant's first assignment of error is not well-taken.

Defendant's second assignment of error alleges that the trial court should have suppressed statements made by defendant to the trooper, due to the trooper's failure to advise defendant of his *Miranda* rights. Defendant cites *McCarty* v. *Herdman* (C.A.6, 1983), 716 F.2d 361, in support of his assertion that he was entitled to be advised of his *Miranda* rights in the present instance, and that his statements should, therefore, have been suppressed.

Subsequent to the argument of this case, the *McCarty* decision was affirmed by the United States Supreme Court, in *Berkemer* v. *McCarty* (1984), ____ U.S. ____, 82 L.Ed.2d 317. In *Berkemer, supra,* at 331, the court stated:

"We hold therefore that a person subjected to custodial interrogation is entitled to the benefit of the procedural safeguards enunciated in Miranda, regardless of the nature or severity of the offense of which he is suspected or for which he was arrested."

Furthermore, the Ohio Supreme Court has also held that *Miranda* warnings must be given prior to any custodial interrogation, without regard to whether the subject is suspected of a felony or a misdemeanor. See *State* v. *Buchholz* (1984), 11 Ohio St. 3d 24.

The conclusion that defendant was entitled to *Miranda* warnings, however, is only the beginning of the analysis. The fundamental event which triggers the need for *Miranda* warnings is the taking of the suspect into custody, for it is only custodial interrogations which the *Miranda* opinion sought to control. The *Miranda* court defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda* v. *Arizona* (1966), 384 U.S. 436, at 444 [36 O.O.2d 237]. Furthermore, it is basic that the improper admission of evidence does not

require reversal if such error is found to be harmless. See, *e.g., State* v. *Saunders* (June 10, 1982), Franklin App. No. 82AP-24, unreported.

In the present case, defendant was stopped by the trooper on the roadside. According to the trooper's testimony, he asked defendant during this initial conversation whether defendant had been drinking. Defendant responded that he had, and the trooper then asked defendant to perform some coordination tests. *Miranda* warnings were not required at that time, for such inquiry was merely on-scene investigative questioning, and not custodial interrogation. *Berkemer, supra.* As noted regarding the first assignment of error, these events were sufficient to give the trooper probable cause to believe that defendant was intoxicated, and thus probable cause to administer a test of defendant's blood, breath or urine.

Although defendant was asked some questions after he was taken to the patrol car, the point at which he was in custody according to the *Berkemer* decision, the court's failure to suppress the result of such custodial interrogation was harmless error. This is so because the trooper had probable cause to administer an alcohol test prior to taking defendant into custody, and because nothing more than the test results showing a blood alcohol level in excess of the statutory limit was necessary to convict defendant of an OMVI offense. R.C. 4511.19(A)(3).

Therefore, the failure to suppress the statements made by defendant while in custody was harmless error, and the second assignment of error is not well-taken.

Defendant's third assignment of error asserts that the evidence did not support a conviction under R.C. 4511.19 (A)(3). The basis of this assertion is that the trooper did not observe defendant operating his motorcycle in any manner which would indicate that he was under the influence of alcohol. Rather, the trooper stated only that he observed defendant to be speeding.

The "journal entry" of the trial court is unclear as to the section of the statute upon which the court based its finding of guilty. It states, simply, "Deft. found guilty of OMVI." While the transcript suggests that the court found defendant guilty on all three counts with which he was charged, including both sections of R.C. 4511.19(A), the court also stated: "[h]owever, as both the counsel for the State and counsel for the defendant recollect, there can only be one conviction even though there were two charges. And so, therefore, the Court does find the defendant guilty of the per se violation."

Thus, although the third assignment of error is addressed to subsection (A)(1) of the statute, it is evident that the court in fact entered a conviction based on subsection (A)(3). Accordingly, the assignment of error will be discussed as though it is directed toward subsection (A)(3) of the statute.

While defendant's argument may have had its merit prior to the amendment of R.C. 4511.19, effective March 16, 1983, it is evident that the amended version of the statute imposes guilt without evidence of erratic or unlawful driving. R.C. 4511.19(A)(3) makes it an offense to operate a motor vehicle when the operator has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of breath. As this court stated in the case of *State* v. *Woerner* (1984), 16 Ohio App. 3d 59, 61:

"* * * Regardless of how defendant appears, acts, or drives, he is guilty of the offense if he drives a motor vehicle exceeding the prescribed concentration of alcohol in his breath."

Defendant stipulated to the accuracy and the result of the breath test, which indicated that defendant's blood alcohol level was .135 grams per two

hundred ten liters of breath. Further, Trooper Lawler testified that he observed defendant operating his motorcycle on Interstate 270, which the parties stipulated was located within the jurisdiction of the court. This evidence is sufficient to sustain a conviction under R.C. 4511.19(A)(3). *Woerner, supra.*

Thus, the third assignment of error is not well-taken.

For the foregoing reasons, defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and COOK, JJ., concur.

COOK, J. of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.