(No. 11-245—Decided
July 1, 1987.)

*James Mona,* assistant county
prosecutor, for appellee.

*Talikka, Ulrich, Koerner & Ischie*
and *Michael A. Cicconetti,* for appellant.

CHRISTLEY, J. Defendant-appellant, Frank J. Tate, was arrested by a
sergeant of the Ohio State Highway
Patrol on November 3, 1985 under the
following circumstances. On routine
patrol, the State Highway Patrol officer noticed appellant in his
automobile parked in a private
driveway off the public highway and
also a body lying on the berm of the
same highway. Stopping to investigate, he noticed that the vehicle
was not running, the keys were not in
the automobile, the driver's door was
closed, the passenger's door was
slightly open and that the appellant
was also near the berm of the road.

In the course of his accident investigation, the State Highway Patrol
officer discovered that the appellant
was driving the automobile, and that
the female companion became ill and
opened the passenger door to vomit.
Upon the passenger's opening the
door, the handle strap broke and she
tumbled out of the car at the same moment that appellant was turning into
the private driveway.

The State Highway Patrol officer
administered the normal field sobriety
tests and then arrested the appellant
for driving while under the influence of
alcohol. A breath test was subsequently administered to the appellant in a
timely manner and the results were a
.189 percent blood-alcohol level. A
written statement was also taken from
the appellant following his arrest.

The appellant then filed a motion
to suppress and/or motion to dismiss in
the Painesville Municipal Court contending that the arresting officer
lacked probable cause to make the arrest. That motion was overruled by the
trial court following an oral hearing.
Subsequently, appellant was tried and
found guilty by a jury and now timely
files the following assignment of error
on appeal:

"The trial court erred in overruling defendant's motion to suppress
and/or motion to dismiss."

In support of his assignment of error, appellant argues that there was no
probable cause for his arrest. Appellant cites *State* v. *Walters* (Mar. 27,
1985), Hamilton App. No. C-840413,
unreported. However, *Walters* deals
with a finding that in order for the
patrolman "to have properly *detained*
the appellant he needed an articulable
and reasonable suspicion of some
wrongdoing. See *Delaware* v. *Prouse*
(1979), 440 U.S. 648, 663. [Emphasis
added.]" *Id.* at 5.

That case is therefore distinguishable because it deals with insufficient reason to stop and detain a driver. Here the officer was totally justified in stopping to investigate the circumstances of a body lying on the berm of the road.

A similar situation was addressed by this court in *State* v. *Mims* (Jan. 31, 1986), Portage App. No. 1584, unreported. There, the State Highway Patrol officer observed defendant's vehicle off the edge of the road. The weather was cold and the roads were slippery and snowy. Believing that the vehicle might be in need of assistance, the trooper stopped to investigate and as a result of his observations of and conversation with the defendant, conducted field sobriety tests and subsequently placed the defendant under arrest. There, as here, there was no finding that the defendant had committed some traffic violation prior to the arrest. It is well established that an officer no longer needs to witness erratic or bad driving to establish probable cause:

"[I]n *Oregon* v. *Szakovits* (1972), 32 Ohio St. 2d 271 [61 O.O. 2d 496], the Ohio Supreme Court held that it was not necessary for an arresting officer to actually witness 'bad driving' in order to effect an arrest for driving under the influence of alcohol, * * * when the officer arrived shortly after an automobile accident, and the defendant appeared intoxicated and admitted operating the vehicle. Subsequent cases have in effect adopted an 'all facts and circumstances' approach to drunken driving arrests." *State* v. *Finch* (1985), 24 Ohio App. 3d 38, 40, 24 OBR 61, 63, 492 N.E. 2d 1254, 1256, also citing *State* v. *Ferguson* (App. 1977), 5 O.O. 3d 416; *Atwell* v. *State* (1973), 35 Ohio App. 2d 221, 64 O.O. 2d 342, 301 N.E. 2d 709; *State* v. *Allen* (1981), 2 Ohio App. 3d 441, 2 OBR 536, 442 N.E. 2d 784.

Appellant cites *State* v. *Van Fossen* (1984), 19 Ohio App. 3d 281, 19 OBR 452, 484 N.E. 2d 191, in support of his theory, but it is actually supportive of the state's position.

The question now becomes what does constitute probable cause under these circumstances.

Very specific standards as to what does *not* constitute probable cause have been laid out in *State* v. *Finch.* As *Finch* points out in paragraph two of the syllabus:

"Where a police officer had not observed the arrestee driving in an erratic or unsafe manner, had not witnessed impaired motor coordination, and had not instructed the arrestee to perform field sobriety tests, the officer did not have probable cause to arrest the driver for violation of R.C. 4511.19; *i.e.,* the mere appearance of drunkenness (bloodshot eyes, slurred speech, the odor of alcohol) is not sufficient to constitute probable cause for arrest for driving under the influence."

Therefore even under the strict standards of *Finch,* the officer in the instant case had probable cause to arrest appellant: the officer observed appellant's physical demeanor, his conversation with the appellant revealed that appellant had been the driver, field sobriety tests were conducted, and there existed the overall strange circumstances of a passenger falling out of the car and lying on the berm of the road. It was the combination of all the above that meets the requirements of *Finch* in providing probable cause for the arrest of the appellant.

Appellant's assignment of error is found to be without merit and is therefore overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and COOK, J., concur.