CITY OF WICKLIFFE, Appellee,

v.

GUTAUCKAS, Appellant.

[Cite as *Wickliffe v. Gutauckas* (1992), 79 Ohio App.3d 224.]

Court of Appeals of Ohio,
Lake County.

No. 91–L–089.

Decided April 13, 1992.

*William Gargiulo*, for appellee.

*Lawrence R. Hupertz*, for appellant.

CHRISTLEY, Presiding Judge.

This is an accelerated appeal from a judgment of the Willoughby Municipal Court. Upon entering a plea of no contest, appellant, Sandra L. Gutauckas, was found guilty of driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1). Under her sole assignment of error, she argues that the trial court erred in denying her motion to suppress because the facts of the case did not support a finding of probable cause to arrest.

As a general rule, an operator of a motor vehicle can be convicted of driving while under the influence when the evidence demonstrates that the consumption of alcohol had impaired the individual's muscular control. *State v. Shaffer* (Sept. 4, 1990), Portage App. No. 89–P–2059, unreported, at 9, 1990 WL 127215. Accordingly, a police officer can arrest an individual under R.C.

4511.19(A)(1) when, under the totality of the circumstances, there are reasonable grounds to believe that such a violation has occurred.

In applying this standard, this court has held that a finding of probable cause can be based upon a combination of many factors. See, *e.g., State v. Raymond* (Dec. 13, 1991), Lake App. No. 91–L–027, unreported, 1991 WL 268935 (erratic driving, smell of alcohol, bloodshot eyes, and failure to perform two of four field sobriety tests); *State v. Powell* (Nov. 24, 1989), Portage App. No. 89–P–2045, unreported, 1989 WL 142803 (slurred speech, red eyes, moderate odor of alcohol, and difficulty performing coordination tests); *State v. Berry* (Apr. 29, 1988), Lake App. No. 12–163, unreported, 1988 WL 41578 (involvement in minor traffic accident, odor of alcohol, and slurred speech); *State v. Tate* (1987), 40 Ohio App.3d 186, 532 N.E.2d 167 (results of field sobriety tests, driver's physical demeanor, and fact that passenger was lying on the berm of the road).

■ In the instant case, the officer who made the arrest noted only one of the classic indicia of intoxication, an odor of alcohol. This officer and another who was peripherally involved testified that appellant did not engage in any erratic driving prior to the stop. In addition, the record showed that no field sobriety tests were performed *before* the arrest. Further, the officer testified that appellant had little difficulty walking from her car to the cruiser.

The twist to this scenario is that the arresting officer's conclusion that appellant was intoxicated at the time of the arrest was based upon observations he and the other officer had made during an earlier encounter with appellant. Approximately one hour and ten minutes prior to the arrest, appellant had asked the officers to help her locate her car. It was subsequently found in an adjacent parking lot. At that time, appellant had also smelled of alcohol, appeared talkative and excited and had some difficulty walking, apparently due to intoxication. She had also experienced difficulty in retrieving her driver's license from her purse. The officers testified that she was warned at that time about driving because of her condition.

The foregoing facts resulting from that first encounter were sufficient to support a reasonable suspicion that appellant *might* be driving while under the influence when she was spotted driving one hour later. This court concludes that the initial stop of appellant's car was valid. Cf. *Powell, supra.*

■ However, in the absence of any other additional indicia of intoxication at the time of the stop itself, we conclude that the officer lacked sufficient probable cause to arrest appellant without investigating the matter further.

In addition to the lack of evidence indicating that appellant's motor skills had been impaired at the time of the actual arrest, we would emphasize that more than one hour had elapsed between the time the officer(s) first observed appellant and the time she was arrested. Accordingly, even if appellant had been intoxicated at the time of the first encounter, her condition may have changed during the interim. Further evidence of appellant's condition at the time of the arrest could have been supplied through more detailed observation and the use of field sobriety tests.

During his testimony at the hearing, the arresting officer stated that he had decided not to ask appellant to perform the various tests because the location of the stop was dangerous. The officer was then asked if he had asked appellant to perform the tests at a later time; however, he was never given the opportunity to answer this question, as the trial court sustained appellant's objection to it.

As to this point, this court would note that an officer is not always required to conduct the field sobriety tests at the place where the initial stop occurs. As a general proposition, the subject of an investigative stop can be moved to a different location without the detention becoming an arrest. See, *e.g.,* *United States v. Mendenhall* (1980), 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497. However, as we interpret the general case law on this matter, this would only allow the officer to move the subject to the nearest location where the tests could be performed safely. Under these circumstances, the officer's testimony as to the test results would be admissible in determining whether probable cause existed.

In this case, though, the testimony of the arresting officer clearly established that appellant was arrested at the time of the stop. Under these circumstances, neither the results of any later tests nor appellant's refusal to perform any later tests can be used to justify the existing arrest.

Thus, the record does not reflect that anything other than the observation of an alcoholic odor and a one-hour-old recollection of her earlier condition supports appellant's arrest.

As probable cause to arrest did not exist at the time of the arrest, appellant's sole assignment of error has merit. Accordingly, the judgment of the trial court is reversed, and judgment is hereby entered in favor of appellant.

*Judgment reversed.*

Joseph E. Mahoney and Nader, JJ., concur.