The **STATE** of Ohio [City of Berea], Appellee,

v.

**BYCZNSKI**, Appellant.

[Cite as *State v. Bycznski* (1994), 98 Ohio App.3d 625.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66156.

Decided Sept. 22, 1994.

*Gregory M. Sponseller,* City of Berea, Director of Law, for appellee.

*Stephen McGowan,* for appellant.

KRUPANSKY, Judge.

Defendant-appellant James E. Bycznski timely appeals from an August 5, 1993 judgment of the Berea Municipal Court. The court rendered a guilty verdict pursuant to Bycznski's plea of no contest to a charge of operating a motor vehicle with a blood-alcohol concentration of .16 percent in violation of Berea Codified Ordinances 733.01(a)(3).

On April 9, 1993 at approximately 4:50 a.m., Officers Timothy Paul and David Faidel of the Berea Police Department were on active duty and eating breakfast at Pizza King Restaurant. While they were eating, the officers observed appellant Bycznski sitting at a nearby table in the restaurant. Bycznski was speaking loudly with slurred speech and bobbing his head as if struggling to remain conscious. A waitress approached the officers, stating Bycznski was intoxicated and had indicated to the waitress he would not leave the restaurant until after the officers departed.

Thereafter, Officer Paul left the restaurant and proceeded to another area of Berea. Officer Faidel then approached and spoke to Bycznski before leaving the restaurant. Officer Faidel detected the strong smell of alcohol coming from Bycznski and noted Bycznski's eyes were extremely bloodshot. The officer advised Bycznski not to drive and Bycznski stated he would remain at the restaurant. Officer Faidel then left the restaurant but parked his cruiser in a west alley where he could observe Bycznski's vehicle.

Approximately five minutes later, Bycznski left the restaurant, entered his vehicle and drove away. At that time, Officer Faidel radioed Officer Paul and advised Officer Paul to stop Bycznski's vehicle. Officer Paul stopped Bycznski's vehicle although Bycznski neither drove erratically nor violated any traffic rules. Officer Faidel then joined Officer Paul in conducting the investigatory stop.

Upon questioning, Bycznski admitted to the officers he had consumed eight beers. Both officers detected a very strong odor of alcohol coming from Bycznski. They also observed Bycznski's speech was slurred and his eyes were glassy. The officers then conducted field sobriety tests. Bycznski was unable to stand straight while the tests were being conducted but was, rather, weaving back and forth. As a result, he failed the tests and was arrested. Thereafter, a

breathalyzer test was conducted at the police station which indicated Bycznski had a blood-alcohol concentration of 0.16 percent.

Bycznski was charged on two counts as follows: (1) operating a vehicle while under the influence of alcohol in violation of Berea Codified Ordinances 733.01(a)(1); and (2) operating a vehicle with a blood-alcohol concentration of .16 percent in violation of Berea Codified Ordinances 733.01(a)(3).[1] Prior to trial, Bycznski moved the court to suppress evidence as the fruit of an illegal seizure. The trial court conducted a suppression hearing and overruled the motion to suppress. Thereafter, Berea dismissed the charge of operating a vehicle while under the influence of alcohol and Bycznski pleaded no contest to the charge of operating a vehicle with a blood-alcohol concentration of .16 percent. The within appeal followed.

Bycznski's sole assignment of error follows:

"The trial court erred in denying the defendant-appellant's motion to suppress evidence, thereby violating defendant-appellant's rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution when the arresting police officer lacked the necessary reasonable suspicion to stop the defendant-appellant who did not commit a traffic violation or operate his vehicle in an erratic manner."

This assignment lacks merit.

In *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, the United States Supreme Court first held the Fourth Amendment to the United States Constitution is not offended when a police officer, based upon his "reasonable suspicion" that criminal activity is or may be occurring, stops a suspect for questioning. Such conduct, termed an "investigatory stop," does not violate the Ohio Constitution even though a police officer lacks probable cause to arrest the suspect. See *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489; *State v. Nealen* (1992), 84 Ohio App.3d 235, 616 N.E.2d 944.

In *Nealen, supra,* at 239, 616 N.E.2d at 947, the court summarized the elements of the *Terry* holding as it pertains to the investigatory stop as follows:

"[A] police officer may stop and investigate unusual behavior, even without probable cause to arrest, when he reasonably concludes that the individual is engaged in criminal activity. In assessing that conclusion, the officer 'must be able to point to *specific and articulable facts* which, taken together with rational

---

1. Berea Codified Ordinances 733.01 states in relevant part as follows: "(a) *Operation Generally.* No person shall operate any vehicle within the Municipality, if any of the following apply: (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse; * * * (3) The person has a concentration of ten-hundredths of one percent (0.10%) or more by weight of alcohol in his blood * * *."

inferences from those facts, reasonably warrant that intrusion.' * * * [C]ourts have concluded that an objective and ·particularized suspicion that criminal activity was afoot must be based on the entire picture—a *totality of the surrounding circumstances.*" (Emphasis added.) See, also, *State v. Wireman* (1993), 86 Ohio App.3d 451, 621 N.E.2d 542.

In the case *sub judice*, Officers Faidel and Paul testified they observed Bycznski in the restaurant talking loudly with slurred speech and bobbing his head as if struggling to remain conscious. The officers further testified a waitress told them Bycznski was intoxicated and planned to remain in the restaurant until the officers departed, presumably to avoid arrest for operation of a motor vehicle while under the influence of alcohol.

Officer Faidel testified he spoke to Bycznski in the restaurant. He stated he smelled a strong odor of alcohol coming from Bycznski and that Bycznski's eyes were extremely bloodshot. Officer Faidel further testified he observed Bycznski enter his vehicle and drive off despite the officer's warning him not to drive. Officer Paul stated he also observed Bycznski driving his vehicle after which Officer Paul stopped the vehicle.

Based upon the foregoing testimony, clearly Officers Faidel and Paul were able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warranted the investigatory stop of Bycznski. When the totality of the circumstances is considered, the officers possessed reasonable suspicion that Bycznski was operating his motor vehicle in violation of Berea Codified Ordinances 733.01. *Terry, Bobo, Nealen,* and *Wireman, supra.*

Bycznski argues, however, the officers did not have reasonable suspicion to stop him since they admitted observing neither erratic driving nor violation of traffic rules on the part of Bycznski. He argues the officers based the investigatory stop upon only their observations of Bycznski made in the restaurant. Bycznski contends that his physical symptoms, *viz.*, bloodshot eyes, sleepiness and odor of alcohol, constituted insufficient evidence upon which to base an investigatory stop. He further claims his motor coordination was not impaired as a result of his alcohol consumption, as evidenced by the fact the officers did not arrest him in the restaurant for public intoxication.

It is not necessary for an arresting officer to actually witness dangerous or illegal driving in order to possess probable cause to arrest for alcohol-related traffic violations. *Oregon v. Szakovits* (1972), 32 Ohio St.2d 271, 61 O.O.2d 496, 291 N.E.2d 742. Probable cause may be determined from the totality of all the facts and circumstances including the suspect's actions immediately prior to his operation of the vehicle. *Atwell v. State* (1973), 35 Ohio App.2d 221, 64 O.O.2d

342, 301 N.E.2d 709. Symptoms of alcohol intoxication such as bloodshot or glassy eyes and slurred speech can provide trained police officers with reasonable suspicion that the subject is intoxicated. *Wickliffe v. Gutauckas* (1992), 79 Ohio App.3d 224, 607 N.E.2d 54; *State v. Van Fossen* (1984), 19 Ohio App.3d 281, 19 OBR 452, 484 N.E.2d 191.

In the case *sub judice*, Officers Paul and Faidel considered all the facts and circumstances in their totality. Based upon their observations of Bycz021nski, *viz.*, the odor of alcohol, bloodshot eyes, loud talking, slurred speech, bobbing head and the report by the waitress that Bycz011nski was intoxicated, the officers determined there was reasonable suspicion that Bycz011nski was intoxicated while he was at the restaurant. *Gutauckas, supra; Van Fossen, supra.* However, all the foregoing symptoms, except for the odor of alcohol, could have been the result of Bycz011nski's fatigue. It was, therefore, certainly a judgment call on the part of Officers Paul and Faidel not to arrest Bycz011nski at the restaurant but, rather, merely to warn Bycz011nski not to drive his motor vehicle.

Bycz011nski, however, waited until the police officers left the restaurant, entered his motor vehicle and proceeded to drive away from the restaurant despite the fact that only minutes earlier, he informed Officer Faidel he would not drive his motor vehicle. At this point, the benign circumstances present in the restaurant changed dramatically insofar as Bycz011nski introduced into the scenario a potentially deadly weapon, *i.e.*, his motor vehicle. When Bycz011nski entered his vehicle and drove off, the officers determined there was reasonable suspicion Bycz011nski was operating a vehicle while under the influence of alcohol which warranted further investigation. *Gutauckas, supra; Van Fossen, supra.*

In light of these observations and the fact that it was 5:00 a.m., the investigatory stop was not only warranted but also strongly indicated. Reasonable suspicion of criminal activity is the only requirement to support further investigation. *Terry, Bobo, Nealen,* and *Wireman, supra.* At the point where Bycz011nski drove away in his motor vehicle, Officers Paul and Faidel could no longer give him the benefit of the doubt but would have been derelict in their duties not to investigate further, *i.e.*, stop to administer field sobriety tests, in order to protect the safety of all drivers then on the road including Bycz011nski. As Officer Faidel admitted under cross-examination, the basic reason for stopping Bycz011nski was to protect the safety of all drivers on the road.

Bycz011nski erroneously relies, however, on *State v. Taylor* (1981), 3 Ohio App.3d 197, 3 OBR 224, 444 N.E.2d 481, and *State v. Finch* (1985), 24 Ohio App.3d 38, 24 OBR 61, 492 N.E.2d 1254. In *Taylor, supra,* the court found no *probable cause* to arrest since the evidence demonstrated only that the suspect drove in nominal excess of the speed limit and smelled of alcohol. In *Finch, supra,* the court

found no *probable cause* existed to arrest the suspect since no field sobriety test had been performed.

It is first noted, however, that the standard which must be met to establish *probable cause* is much higher than the standard to establish *reasonable suspicion*. In the case *sub judice*, Officers Paul and Faidel were not required to meet the higher standard of *probable cause* in order to conduct their investigatory stop. *Terry, Bobo, Nealen,* and *Wireman, supra*. Furthermore, the officers based their *reasonable suspicion* upon more than mere odor of alcohol, *viz.*, odor of alcohol, bloodshot eyes, loud talking, slurred speech, bobbing head and the report by the waitress that Bycznski was intoxicated. Such evidence is sufficient to establish *reasonable suspicion*. *Gutauckas, supra; Van Fossen, supra*. Thus, *Taylor, supra*, and *Finch*, are inapposite to the case *sub judice*.

█ As regards Bycznski's argument that the officers in the case *sub judice* could or should have arrested Bycznski at the restaurant, such assertion is not supported by the evidence. Other than talking loudly, the record does not demonstrate Bycznski violated any law while he was in the restaurant. There is no evidence he was, *e.g.*, disruptive, vulgar, threatening or that he did not pay his bill. In addition, the symptoms exhibited by Bycznski, other than the odor of alcohol, did not conclusively establish on their face that Bycznski was intoxicated but, rather, suggested intoxication *versus* fatigue. The mere odor of alcohol is not indicative of the amount of alcohol in the individual's system.

Officers Paul and Faidel made a judgment call at this point and generously gave Bycznski the benefit of the doubt when they did not detain him in the restaurant but only advised him not to drive his motor vehicle. As previously indicated, however, once Bycznski entered his vehicle and drove away, he escalated a relatively benign situation into a potentially dangerous scenario and the officers would have been derelict in their duties had they not investigated further.

In the case *sub judice*, the trial judge reasoned as follows when he overruled Bycznski's motion to suppress evidence:

"In the judgment of this court, it is not necessary to wait until someone causes a death or an accident to make a stop."

We agree with this sound and logical philosophy and overrule appellant's sole assignment of error based upon the foregoing analysis.

*Judgment affirmed.*

PATTON, P.J., and PORTER, J., concur.