Defendant-appellant, Billy C. Handley, was arrested and charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1). Appellant filed a motion to suppress evidence in which he contended that the arresting officer did not have the requisite reasonable and articulable suspicion to justify a stop of his vehicle. The Clermont County Municipal Court overruled appellant's motion. Following his conviction, appellant appealed contending that the trial court erred in denying his motion to suppress evidence. We disagree.
The undisputed facts of this case, as established at the hearing on the motion to suppress, are as follows: On October 28, 1997 at approximately 10:10 p.m. Lt. Rogers ("Rogers") of the Miami Township Police Department received a radio dispatch indicating that the clerk at the United Dairy Farmers ("UDF") store on U.S. Rt. 50 in Perintown, Ohio had reported a possibly intoxicated individual in the UDF parking lot. A few minutes later, Rogers received a second radio dispatch indicating that the individual, a white male, had left the UDF parking lot, driving a blue Toyota, traveling westbound on U.S. Rt. 50. The radio dispatcher also provided the Toyota's license plate number.
Rogers testified that he observed the blue Toyota traveling westbound on U.S. Rt. 50, and he watched as the driver pulled into an empty private business parking lot, turned around, and came to a stop. Rogers followed the vehicle into the parking lot where he then observed appellant attempting to manually pull up the driver's side of the window from inside the vehicle. Prior to pulling into the parking lot, Rogers had not observed the commission of any traffic violations or any erratic driving.
Rogers then pulled his patrol car up to appellant's stopped vehicle. At that point, the vehicles were positioned so that Rogers' driver's side window was facing appellant's driver's side window and the vehicles were approximately three feet apart. Rogers shined the "alley light" on the side of his patrol car into appellant's car and asked appellant what he was doing. Appellant responded that he was trying to fix his window. Rogers testified that he then noted that " [appellant] had extremely slurred speech and his eyes were very glassy." Rogers asked appellant to "hold on a minute" while he positioned his patrol car directly behind appellant's vehicle. Appellant then pulled out of the parking lot and continued westbound on U.S. Rt. 50.
Following appellant's departure from the parking lot, and based upon the radio dispatch received and his personal observation of appellant's physical appearance, Rogers decided to make a traffic stop. After Rogers approached appellant's vehicle, he noted a strong odor of alcohol about appellant's person. Rogers then asked appellant to exit the vehicle and perform a series of field sobriety tests. Because appellant was unable to successfully complete any of the field sobriety tests, he was placed under arrest for driving while under the influence of alcohol.
Subsequently, on January 5, 1998, appellant filed a motion to suppress all evidence contending that Rogers lacked the probable cause necessary to stop his vehicle. On March 16, 1998, the trial court denied appellant's motion. Appellant pled no contest to violating R.C. 4511.19(A)(1). The trial court found appellant guilty and sentenced him accordingly. Appellant raises only one assignment of error on appeal:
 THE TRIAL COURT ERRED IN OVER-RULING (SIC) DEFENDANT'S MOTION TO SUPPRESS AND DISMISS.
The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to stop and briefly detain an individual if the officer has a reasonable, articulable suspicion that criminal activity has occurred or is imminent. Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868,1880; State v. Andrews (1991), 57 Ohio St.3d 86, 87. "The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." State v. Bobo (1988), 37 Ohio St.3d 177, 178, certiorari denied (1988), 488 U.S. 910, 109 S.Ct. 264, quotingState v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus, certiorari denied (1981), 454 U.S. 822,102 S.Ct. 107.
"It is well-settled law that the reasonable suspicion to effectuate an investigatory stop may arise from information supplied to police by an anonymous informant." State v. Wilson
(Oct. 29, 1993), Lucas App. No. L-93-084, unreported, citingAlabama v. White (1990), 496 U.S. 325, 331, 110 S.Ct. 2412,2416. A reasonable suspicion based upon an anonymous tip is "dependant upon both the content of information possessed by police and its degree of reliability." Alabama v. White (1990),496 U.S. 325, 331, 110 S.Ct. 2412, 2416. In Adams v. Williams
(1972), 407 U.S. 143, 147, 92 S.Ct. 1921, 1924, the Supreme Court noted that "[i]nformant's tips, like all other evidence coming to a policeman on the scene may vary greatly in their value and reliability. One simple rule will not cover every situation." Therefore, an objective totality of the circumstances approach must be taken in determining whether or not an anonymous tip is sufficiently reliable or corroborated to justify an investigatory stop. Id. Ohio appellate courts that have examined this issue have held that under a totality of the circumstances approach, " [a] tip which standing alone would lack sufficient indicia of reliability may establish reasonable suspicion to make an investigatory stop if it issufficiently corroborated through independent police work."State v. Ramsey (Sept. 20, 1990), Franklin App. Nos. 89AP-11298 and 89AP-1299, unreported, at 13 (emphasis added). See, also,State v. Hollingsworth (Apr. 25, 1994), Warren App. No. CA93-10-086, unreported, at 3, citing Alabama v. White (1990),496 U.S. 325, 110 S.Ct. 2412.
Where the facts are not in dispute, a determination as to whether such facts amount to a reasonable suspicion to conduct an investigatory stop is a question of law. State v. Wilson
(Oct. 29, 1993), Lucas App. No. L-93-084, unreported, at 3. "When considering a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence." Statev. Heitzenrater (Dec. 7, 1998), Butler App. No. CA98-06-119, unreported, at 3, citing State v. Fanning (1982), 1 Ohio St.3d 19,20. Therefore, as an appellate court, we are bound to accept the trial court's findings if they are supported by competent and credible evidence. Heitzenrater at 4, citingState v. Williams (1993), 86 Ohio App.3d 37, 41. Because the facts are undisputed in this case, we are called upon to independently determine whether, as a matter of law, the UDF clerk's tip was sufficiently corroborated through Rogers' independent police work to establish the reasonable and articulable suspicion necessary to stop appellant's vehicle.Ramsey at 13.
Appellant contends that before Rogers could execute a constitutional stop of appellant's vehicle, he needed to observe events which would give rise to a reasonable and articulable suspicion of illegal operation. Appellant argues that because Rogers did not observe appellant commit any traffic offenses or drive erratically, the stop on U.S. Rt. 50 was constitutionally invalid and all evidence obtained as a result of that stop should have been suppressed. We disagree.
We begin by analyzing the quality of the tip received by Rogers and his corroboration of that tip. Rogers was given: (1) a description of the vehicle (a blue Toyota), (2) a description of the driver (a white male), (3) the location from which the vehicle was departing, (4) the direction in which the vehicle was currently traveling, and (5) the vehicle's license plate number. All five pieces of information were quickly corroborated by Rogers' independent police work during the brief moment in which Rogers observed appellant traveling westbound on U.S. Rt. 50 and before appellant turned into, and came to a stop in, the empty private business parking lot. We note that if this were all the independent police work that Rogers had done to verify the informant's tip, we would be forced to agree with appellant and find that Roger's subsequent stop of appellant was without reasonable and articulable suspicion. As the court in Ramsey at 4, held: "the simple corroboration of neutral details describing the suspect or other conditions existing at the time of the tip, without more
will not produce reasonable suspicion for an investigatory stop" (emphasis added). However, our examination of the record before us reveals that this was not the full extent of Rogers' independent police work.
Rogers proceeded to follow appellant into the empty private business parking lot where appellant had come to a stop to try and repair his driver's side window. By following appellant into the empty parking lot, we do not find that Roger's violated any of appellant's Fourth Amendment rights. "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow crime to occur or a criminal to escape." Adams v. Williams (1972),407 U.S. 143, 147, 92 S.Ct. 1921, 1923. Rather, we find that "it may be the essence of good police work to adopt an intermediate response." Id. Once in the parking lot, Rogers found appellant already stopped. Accordingly, at the moment, Rogers had not effectuated a "stop" of appellant in the Fourth Amendment sense.[1]
However, the record reveals that while he was questioning appellant in the parking lot, Rogers noted that "[appellant] had extremely slurred speech and his eyes were very glassy." We find that "[s]ymptoms of alcohol intoxication such as bloodshot or glassy eyes and slurred speech can provide trained police officers with reasonable suspicion that the subject is intoxicated." State v. Bycznski (1994), 98 Ohio App.3d 625,630, citing Wickliffe v. Gutauckas (1992), 79 Ohio App.3d 224;State v. Van Fossen (1984), 19 Ohio App.3d 281. Consequently, upon review of the applicable law and the relevant facts, we find that the trial court did not err when it concluded that Rogers had engaged in sufficient corroboration and confirmation of the tip to form the reasonable and articulable suspicion necessary to justify his subsequent stop of appellant on U.S. Rt. 50. The trial court placed great weight upon the fact that Rogers had "had personal contact with the Defendant" to form the requisite reasonable and articulable suspicion. We agree with the sound reasoning of the trial court.
Furthermore, like the trial court, we find it significant that when Rogers asked appellant to "hold on a minute" while he positioned his patrol car behind appellant, appellant fled the parking lot. Such action only confirms the trial court's determination that, based on the totality of the circumstances, Rogers had enough information to support a finding of the reasonable and articulable suspicion necessary to stop appellant on U.S. Rt. 50. The trial court did not err in overruling appellant's motion to dismiss. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] In fact, counsel for appellant admitted as much during the following exchange during the hearing on the motion to suppress:
 THE COURT: The contact he had with the defendant in the private parking lot, that's not at issue here?
 MR. ZUK: It's not, I don't think it's a stop in and of itself.
THE COURT: It's not a stop.
MR. ZUK: Right.