DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Michael Buehl, appeals from a judgment of the Cuyahoga Falls Municipal Court that convicted him of driving under the influence pursuant to R.C. 4511.19(A)(1). This Court affirms.
On the evening of November 7, 1998, Julie Roberts and Bruce Sigelow were driving a Ford Expedition northbound on Front Street in Cuyahoga Falls when they observed Buehl driving a Mercury Cougar ahead of them. After they observed Buehl weave out of his lane and almost strike another vehicle, they called the police on a cellular phone and continued to follow Buehl, keeping the police dispatcher apprised of Buehl's location. The police dispatcher radioed the information to an officer on patrol in the area, Scott Thomas, who met up with the two cars just after Buehl pulled into the parking lot of his apartment building.
Officer Thomas stopped his cruiser and spoke to Roberts and Sigelow to confirm that the vehicle they reported had just pulled in the parking lot. Because the parking lot was on the other side of a building, Officer Thomas was not able to observe Buehl park his car or get out of it. Officer Thomas first saw Buehl as he was walking from the parking lot toward the entrance to his apartment building. Roberts and Sigelow confirmed that Buehl was the driver that they had observed driving erratically. Officer Thomas personally observed Buehl walk a distance of approximately two hundred feet and noticed that he was staggering and swaying as he walked. Officer Thomas approached Buehl and began to ask questions.
Buehl admitted to Officer Thomas that he had just driven into the parking lot. As Officer Thomas questioned Buehl, he observed that Buehl slurred his speech and his eyes were bloodshot and watery. Officer Thomas also smelled a strong odor of an intoxicating beverage whenever Buehl spoke. Officer Thomas asked Buehl to perform field sobriety tests, but Buehl refused. Buehl was arrested and charged with driving under the influence, R.C.4511.19(A)(1).
Buehl moved to suppress the evidence obtained during Officer Thomas's detention of him, contending that both the initial stop and the subsequent arrest were unconstitutional. Specifically, Buehl contended that the stop and arrest were based almost entirely on the information that Officer Thomas received from Roberts and Sigelow, which was legally insufficient to give rise to either a reasonable suspicion of criminal activity or probable cause. The trial court denied Buehl's motion to suppress. Consequently, Buehl entered a plea of no contest to the charge and was convicted accordingly.
 II.
Buehl's sole assignment of error is that the trial court erred in denying his motion to suppress evidence. Buehl does not dispute the facts as found by the trial court. He challenges the legal sufficiency of those facts to give rise to either a reasonable suspicion or probable cause that he had been operating his vehicle under the influence of alcohol. As Buehl accepts the trial court's factual findings and challenges only its legal conclusions, this Court's standard of review is de novo. See Statev. Long (1998), 127 Ohio App.3d 328, 332; see, also, Ornelas v.United States (1996), 517 U.S. 690, ___, 134 L.Ed.2d 911, 920.
 A. Investigative Stop
The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to stop an individual if the officer has a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has occurred or is imminent. State v. Andrews (1991), 57 Ohio St.3d 86, 87. In justifying the investigative stop, the police officer "`must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" Id., quoting Terry v. Ohio (1968),392 U.S. 1, 21, 20 L.Ed.2d 889, 906. To determine whether an officer has reasonable suspicion to stop an individual, the court must examine the totality of the circumstances. Andrews, supra, at 87.
Buehl contends that Officer Thomas's initial detention of him was not supported by a reasonable suspicion that he had been driving under the influence. Buehl specifically points to the fact that the information about his erratic driving came from informants and that Officer Thomas never saw him drink or drive. Although the police received the information about Buehl's impaired driving from informants, it came from two citizens who identified themselves and spoke directly to Officer Thomas before he approached Buehl. Tips coming from the so-called "citizen-informant" are inherently more reliable than tips from anonymous informants. State v. Ramey (1998), 129 Ohio App.3d 409,416. "Information from ordinary citizens who have personally observed what appears to be criminal conduct carries with it an indicia of reliability and is presumed to be reliable." Id.,
quoting State v. Oney (Feb. 15, 1995), Hamilton App. Nos. C-940332 and C-940333, unreported, 1995 Ohio App. LEXIS 526. In both Ramey
and Oney, the First District Court of Appeals held that a police officer was justified in making an investigatory stop based solely upon information he received from citizen informants. Id. Although neither officer personally observed any impaired driving, the court held in each case that, under the totality of the circumstances, the officer possessed sufficient articulable facts to justify a reasonable suspicion that the defendant was driving under the influence.
In this case, although Officer Thomas did not personally observe Buehl's impaired driving, he did have the opportunity to personally observe Buehl and corroborate the informants' tip before he stopped him. Buehl had already reached the parking lot of his apartment building by the time Officer Thomas caught up with him. Although Officer Thomas did not see Buehl park or get out of his car, the informants told him that Buehl had just driven into the parking lot. Officer Thomas's observation of Buehl walking toward his building from the direction of the parking lot corroborated that information. During Buehl's approximate two-hundred-foot walk, Officer Thomas also had the opportunity to personally observe his impairment. Officer Thomas testified at the suppression hearing that "[h]e was having trouble walking and he staggered as he walked and he appeared to have trouble with his balance. * * * He was like swaying side to side as he walked giving me the indication that he might fall down." Officer Thomas further testified that there was no snow or ice on the ground, nor were there any obstacles on the pavement that could have been the cause of Buehl's staggering. Officer Thomas's personal observations, in addition to the information he received from Roberts and Sigelow, were sufficient to create a reasonable suspicion that Buehl had been driving under the influence. Therefore, Officer Thomas's initial investigative stop of Buehl was proper.
 B. Warrantless Arrest
Buehl also asserts that his arrest was unconstitutional because Officer Thomas did not actually see him commit the alleged offense. Generally, an officer may not make a warrantless arrest for a misdemeanor offense unless the offense occurs in the officer's presence. State v. Henderson (1990), 51 Ohio St.3d 54,56. There is a recognized exception, however, for such an arrest "where the officer has probable cause to believe that the suspect was operating a motor vehicle while under the influence of alcohol or drugs." Id., citing Oregon v. Szakovits (1972), 32 Ohio St.2d 271.
Before an arrest can take place, the police officer must have probable cause to believe that the individual committed a crime.State v. Timson (1974), 38 Ohio St.2d 122, paragraph one of the syllabus. Buehl was arrested for violating R.C. 4511.19(A)(1), which provides that "[n]o person shall operate any vehicle * * * if * * * [t]he person is under the influence of alcohol." In such a case, the issue regarding probable cause turns on the court's assessment of whether, "at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving while under the influence of alcohol." State v. Medcalf (1996), 111 Ohio App.3d 142, 147, citing Beck v. Ohio (1964), 379 U.S. 89, 91, 13 L.Ed.2d 142, 145, and Timson, 38 Ohio St.2d at paragraph one of the syllabus. Moreover, the arrest merely has to be supported by the arresting officer's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence of alcohol.
See State v. Van Fossen (1984), 19 Ohio App.3d 281, 283; Statev. Taylor (1981), 3 Ohio App.3d 197, 198. In determining whether probable cause existed, this Court must again look at the totality of the circumstances. State v. Medcalf, supra, at 147.
As explained above, at the time Officer Thomas approached Buehl, he had a reasonable suspicion that Buehl had just been driving his car under the influence of alcohol. During his brief detention of Buehl, Officer Thomas obtained sufficient information to confirm his suspicion. Officer Thomas testified that he detected a strong odor of intoxicating beverage whenever Buehl spoke. He further observed that Buehl's eyes were bloodshot and watery and his speech was slurred. Buehl admitted that he had just driven his car into the parking lot. Officer Thomas testified that when Buehl walked with him to show him where he parked his car, he "[had] trouble walking the whole way. He was losing his balance. I thought he was going to fall down." Officer Thomas asked Buehl to perform field sobriety tests, but he refused. See State v. Arnold (Sept. 7, 1999), Butler App. No. CA99-02-026, unreported, 1999 Ohio App. LEXIS 4159, at * 7 (defendant's refusal to submit to field sobriety tests was properly considered as evidence that he had been driving under the influence).
Considering the totality of these circumstances, Officer Thomas had sufficient knowledge to cause a prudent person to believe that Buehl had been driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1). Thus, Buehl's arrest was supported by probable cause. Because the trial court properly denied Buehl's suppression motion, the assignment of error is overruled.
 III.
Buehl's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE, FOR THE COURT
CARR, P.J., BATCHELDER, J., CONCUR.