[Cite as *State v. Venzor*, 2015-Ohio-83.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| JUSTIN S. VENZOR | : | Case No. 14-CA-29 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County
                             Municipal Court, Case No.
                             2013 TRC 11121

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            January 12, 2015

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

AMY S. DAVISON                            CHRISTOPHER M. SHOOK
Assistant Law Director                    Morrow, Gordon & Byrd, Ltd.
City of Newark Law Director's Office      33 West Main Street
40 West Main Street                       Newark, OH 43055
Newark, OH 43055

*Baldwin, J.*

{¶1}   Defendant-appellant Justin Venzor appeals from the denial by Licking County Municipal Court of his Motion to Suppress. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On October 20, 2013, appellant was arrested and cited for operating a motor vehicle  under the influence of alcohol in violation of R.C. 4511.19(A)(1)(d) and 4511.19(A)(1)(a), a misdemeanor of the first degree,  and  driving outside of marked lanes in  violation of R.C. 4511.33, a minor misdemeanor.  At his arraignment on October 23, 2013, appellant entered a plea of not guilty to the charges.

{¶3}    Appellant, on December 23, 2013, filed a Request for Leave to File an Untimely Motion to Suppress Evidence. Appellant, in his Motion to Suppress, argued that the officer lacked probable cause to place appellant under arrest following the administration of field sobriety tests and the investigation that was conducted at the scene. The trial court, pursuant to an Entry filed on January 8, 2014,   granted appellant leave to file an untimely Motion to Suppress and set an oral hearing on the motion for February 27, 2014.

{¶4}   At the hearing, Trooper J.D. Myers of the Ohio State Highway Patrol testified that he was working on October 20, 2013 and was in uniform in a marked patrol car. He testified that at 3:30 a.m., he observed a grey Toyota Scion "driving rigidly and drifting towards the outside of the lane" and observed a marked lanes violation. Transcript at 7. The Trooper then initiated a traffic stop.  Appellant was the driver of the vehicle and there were multiple occupants. Trooper Myers testified that he detected a "strong odor of alcohol" coming from the vehicle" and noted that appellant had glassy

and bloodshot eyes and slurred speech. Transcript at 8. When he asked appellant if he had consumed any alcohol, appellant told the officer that he had had a couple of beers a while before at a local bar.

{¶5} Trooper Myers testified that he then asked appellant to exit his vehicle so that he could conduct field sobriety testing. He testified that he observed  six  out of six clues on the horizontal gaze nystagmus test  and that, while he was conducting such test, he "detected a strong odor [of alcohol] coming from his [appellant's] breath." Transcript at 10.  Trooper Myers further testified that he observed two  out of a total of eight  clues on the walk and turn test  and that appellant performed the one legged test perfectly.  Appellant also was able to recite the alphabet from D to W correctly, but had problems counting down from 69 to 57.

{¶6}  After the numbers test, Trooper Myers asked appellant to be honest with him and tell him exactly how much he had had to drink. Appellant stated that he had had 6 or 7 beers. The Trooper then arrested appellant for operating a motor vehicle while under the influence of alcohol. The following is an excerpt from his testimony:

{¶7}  Q:  Ok.  Now what did you take into consideration?  I know you said the totality of the circumstances but what did you consider before placing him under arrest?

{¶8}  A:  I'm considering everything that I observed.  Again the drifting in the lane, rigid driving, marked lanes violation, strong odor of alcohol coming from his breath, glassy blood shot eyes, slurred speech and the admission of drinking to 6 or 7 beers. Also uh failing the field sobriety tests the 6 out of 6 HGN and the 2 out 8 walk and turn.

{¶9}  Q:  Do you also consider the ones that he passed like the one legged stand and the alphabet?

{¶10} A: Correct that's always in consideration.

{¶11} Q: Then why did you arrest him even though he completed those 2 correctly?

{¶12} A: Just because you pass those, he still failed the other ones and based on my training and experience that indicated that he is driving impaired.

{¶13} Transcript at 12-13.

{¶14} The parties stipulated to the admission of the cruiser video in this case as an exhibit.

{¶15} Pursuant to a Judgment Entry filed on April 3, 2014, the trial court denied appellant's Motion to Suppress. On April 14, 2014, appellant entered a plea of no contest to the charges and was found guilty by the court. As memorialized in a Judgment filed on the same date, appellant was placed on probation for a period of one (1) year. Appellant was ordered to serve 90 days in jail with 87 days suspended and was fined $375.00. In addition, appellant's driver's license was suspended for a period of one year. Appellant was given credit for 90 days of this time.

{¶16} Appellant now raises the following assignment of error on appeal:

{¶17} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS BECAUSE THE ARRESTING OFFICER DID NOT HAVE PROBABLE CAUSE TO ARREST APPELLANT.

I

{¶18} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Suppress the result of appellant's breath alcohol test because

Trooper Myers did not have probable cause to arrest appellant for operating a motor vehicle while under the influence of alcohol.

{¶19} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist .1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks,* 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf,* 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams,* 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶20} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See, *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, *Williams,* supra. Finally, an appellant may argue, as here, the trial court has incorrectly decided

the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93, 96,620 N.E.2d 906 (8th Dist.1994).

{¶21} As is stated above, appellant argues that the Trooper did not have probable cause to arrest him. The legal standard for determining whether the police had probable cause to arrest an individual for operating a motor vehicle while under the influence is whether, "at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v. Homan,* 89 Ohio St.3d 421, 427, 2000-Ohio-212, 732 N.E.2d 952 (superseded by statute on other grounds), citing *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142(1964). The arrest merely has to be supported by the arresting officer's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence of alcohol. *State v. Van Fossen,* 19 Ohio App.3d 281, 484 N.E.2d 191 (10th Dist. 1984). In making this determination, the trial court must examine the totality of facts and circumstances surrounding the arrest. See *State v. Miller,* 117 Ohio App.3d 750, 761, 691 N.E.2d 703(11th Dist. 1997); *State v. Brandenburg,* 41 Ohio App.3d 109, 111, 534 N.E.2d 906 (7th Dist. 1987).

{¶22} In the case sub judice, appellant was observed committing a marked lanes violation at 3:30 a.m. Upon his initial contact with appellant, Trooper Myers noted a strong odor of alcohol coming from the car that he later determined came from appellant's breath. Appellant, according to the Trooper, had bloodshot and glassy eyes

and slurred speech. Appellant admitted to consuming a couple of beers a while before at a local bar.

{¶23} In addition, appellant exhibited six out of six clues on the horizontal gaze nystagmus test and two out of eight clues on the walk and turn test. Appellant also had trouble with the numbers test. Appellant later told Trooper Myers that he had six or seven beers.

{¶24} Based on the foregoing, we find that Trooper Myers had probable cause to arrest appellant for operating a motor vehicle under the influence and that the trial court did not err in denying appellant's Motion to Suppress.

{¶25} Appellant's sole assignment of error is, therefore, overruled.

{¶26} Accordingly, the judgment of the Licking County Municipal Court is affirmed.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.